

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Justin S. Herring
Assistant United States Attorney
Justin.Herring@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4985
MAIN: 410-209-4800
FAX: 410-962-3091

October 10, 2013

Paul D. Hazlehurst, Esquire
Assistant Federal Public Defender
Tower II, Suite 900
100 South Charles Street
Baltimore, Maryland 21201

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

**NOV 0 5 2013**

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Re:  United States v. Jacob Theodore George IV,
     Criminal Case # *CCB-13-0593*

Dear Mr. Hazlehurst:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **October 25, 2013**, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

      1.    The Defendant agrees to waive Indictment and plead guilty to a one Count Information, charging him with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

      <u>First</u>, that two or more persons agreed to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of a controlled substance,

      <u>Second</u>, the defendant knew the essential objective of the conspiracy; and

1

<u>Third</u>, the defendant knowingly and voluntarily involved himself in the conspiracy.

Penalties

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 20 year term of imprisonment, 5 years of supervised release, and $1 million fine.   21 U.S.C . § 841(b)(1)(B)(ii).   In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.   This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.   The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.   The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.   That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him.   By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

c.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.   Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.   The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.   The Defendant would have the right to confront and cross-examine the government's witnesses.   The Defendant would not have to present any defense witnesses or evidence whatsoever.   If the Defendant wanted to call

2

witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        e.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        f.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        g.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the questions by the Court both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        h.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        i.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

        5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate that the facts in the Statement of Facts attached as Exhibit A hereto are true, and that this Office would prove those facts beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      Pursuant to U.S.S.G. § 2D1.1(c)(6), the Defendant's base offense level for the quantity of narcotics at issue is **26.**

b.      Pursuant to U.S.S.G. § 2D1.1(b)(7) there is a **2** level enhancement because a controlled substance was distributed through mass-marketing by means of an interactive computer service.

c.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty.  This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Accordingly, the adjusted offense level is **25**.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute, except that the Defendant reserves the right to seek a downward departure un U.S.S.G. § 4A1.3(b), for overrepresentation of criminal history.

9.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.  Both parties reserve the right to make their own sentencing recommendation utilizing the factors set forth in 18 U.S.C. § 3553.

4

## Waiver of Appeal

10.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release) except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the term of imprisonment applicable for the guideline range determined by the Court; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the term of imprisonment applicable for the guideline range determined by the Court.

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

11.    The Defendant agrees to forfeit to the United States all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities.

12.    The Defendant agrees to assist fully the United States in the forfeiture of the foregoing assets.   The Defendant agrees to take all steps necessary to pass to the United States clear title to these assets, including but not limited to executing any and all documents necessary to transfer his interest in any of the above property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.   The Defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding.

5

13.     The Defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets.   It is further understood that, in the event that the United States files a civil action pursuant to 18 U.S.C. § 981 or 21 U.S.C. § 881 or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the Defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim.   It is further understood that the Defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

## Collection of Financial Obligations

14.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

15.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

16.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs.   The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Obstruction or Other Violations of Law

17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.   In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.   Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.   As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.   The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18.     The Defendant expressly understands that the Court is not a party to this agreement.   In the federal system, the sentence to be imposed is within the sole discretion of the Court.   In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.   The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.   Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.   The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.   The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement.   The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.   The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.   The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney


By:_____
Justin S. Herring
Assistant United States Attorney

7

I have read this agreement, including the Sealed Supplement. I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10-24-13
Date

Jacob Theodore George IV

I am Jacob Theodore George IV's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

10-24-13
Date

Paul D. Hazlehurst, Esq.

8

## EXHIBIT A - STIPULATED FACTS

*The defendant hereby stipulates and agrees that these facts are true, and that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The defendant, Jacob Theodore George IV, age 32, was a resident of Edgewood, Maryland. From at least November 2011 to January 18, 2012, he conspired with others to traffic drugs, including heroin, a Schedule I controlled substance and methylone, a Schedule I controlled substance.

The defendant sold drugs via an online marketplace called Silk Road. Silk Road served as an online, international marketplace for users to buy and sell controlled substances, false identifications, and other contraband over the Internet. The defendant made contact with buyers via Silk Road, accepted payment electronically through Silk Road, and shipped drugs via the United States Postal Service to buyers throughout the United States and in foreign countries. The owner and operator of Silk Road, Ross William Ulbricht, a/k/a "Dread Pirate Roberts," a/k/a "DPR," collected a fee for each transaction on the website. The defendant acquired drugs from two primary sources: he purchased some drugs, including heroin, in person from drug dealers in the Baltimore metropolitan area. He purchased certain synthetic drugs, including methylone, from suppliers in China and had those drugs shipped to him.

In January 2012, the defendant voluntarily admitted to federal agents with Homeland Securities Investigations that he acquired and sold drugs as described above. He voluntarily granted investigators access to emails, postal shipping records, financial accounts, and other information that corroborated these sales. The records corroborated his statement that he had received three shipments of methylone from China since November 2011, with a combined quantity totaling more than 570 grams. According to DEA chemists and pharmacologists, one gram of methylone is the equivalent of 250 grams of marijuana. These records also confirmed that the defendant sold at least 50 grams of a mixture or substance containing heroin during his involvement in this conspiracy. Accordingly, the marijuana equivalent of the drugs involved in the offense is 192.5 kilograms of marijuana.

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

11-5-13
Date

*Jacob George*
Jacob Theodore George IV

I am Jacob Theodore George IV's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign is an informed and voluntary one.

_11/5/13_
Date

Paul D. Hazlehurst, Esquire